of America, et al., within Wilfredo Rodriguez. Good morning, Your Honors. May it please the Court, Lindy Urso for Plaintiff Appellant Jane Doe. Your Honors, I think we find our—I have not been able to find a case that I think is similar to this where it appears that the district court did not follow the instructions of the appellate court on remand. As Your Honors are aware from this procedural history, this case has been before the Second Circuit before, and this court went through a very detailed analysis of why the facts that the court saw on the record could, that a district court could find, that the extraordinary circumstances facing the plaintiff in this case could justify the delay such that it could help satisfy the reasonable diligence prompt. And on that basis, this court, after a very detailed analysis of that, how it could, went through a series of the factors based on the facts that the court had before it, this court to act in its fact-finding capacity and hold an evidentiary hearing and make findings as to whether, under these facts, there was exceptional circumstances and reasonable diligence, and essentially, are there exceptional— The problem is that during this entire period of time in which she did not report her problem and the statute passed, et cetera, et cetera, she had all sorts of opportunities to, she was dealing in a confidential capacity with doctors and lawyers and with various other people, attorneys, both with workmen compensation and her own, and none of this ever came out. Well, that's, and that, again, that was before, that was the basis for the, I believe, the In light of that, the court still said, the district court should now determine, are these other, these other facts, these other potential exceptional circumstances, the district court should find, are they enough to overcome that, to explain that, because of the nature of sexual assault and threats. We know, everybody in the business knows that oftentimes sexual assaults aren't reported for years. Most states have either no statute of limitations for criminal rape— Did the government ever in all of these years where you are suggesting or saying improperly that there's no statute of limitations, after all of this, was there ever any prosecution of Mr. Rodriguez for all these horrible things he was supposed to bring over all of these years? I'm not, Your Honor, I'm not aware of that, getting to that point. Can I just ask you, I just want to be clear on what your argument is on appeal, because in reading your briefs, I didn't read them to be challenging the district court's factual finding that there was a lack of diligence that was shown. I read your brief, and definitely, certainly correct me if this is not the case, that you are challenging the fact that the district court did not explicitly rule on the second prong or the second portion of what we look at for equitable tolling, which is whether or not there were extraordinary circumstances. And so to the extent that the district court had concluded that reasonable diligence was not shown, I didn't see in your brief, I didn't see you to be challenging that in front of us. I saw you to be challenging just the pure procedural question of the district court should have explicitly ruled on extraordinary circumstances. Well, Your Honor, I think I did have a little difficult time getting my head around when I was briefing, getting my head around the issue, because I had not seen this before where, in my opinion, the district court didn't follow what the Second Circuit wanted, and the district court didn't make factual findings that it was directed to make. But certainly, I'm not conceding that. I do think the factual finding of no reasonable diligence is clearly erroneous. Right, but you don't argue that in your brief, do you? I don't know if I mentioned that somewhere in the brief or the reply. I thought I did, but. Is your argument here that somehow the circumstances themselves, that is, the initial problem was the extraordinary circumstance was such that it nullified the absence of diligence? Correct. And that was not addressed at all by the district court. District court expressly didn't address that. And what's your argument on that basis? Well, I think the record is clear that, I mean, it's hard because the district court didn't make specific factual findings on that issue. But, I mean, the record is clear. The facts are unrefuted. The facts as set forth in our brief, in the testimony, in the prior appeal, all those facts were borne out in the second hearing on remand. Those facts were unrefuted. In fact, in the record, they were supported, I believe, by at least one medical exhibit. But I guess I'm a little confused about what you're saying about that the facts are undisputed, how that goes to the question of whether or not equitable tolling is appropriate. Because the issue is, do these facts support that this was an extraordinary circumstances, and or do they support that there was reasonable diligence? And both of those have to be shown. And so where the district court is saying, based on these facts that came out of the hearing, I do not find that there is reasonable diligence. I'm not sure I understand your argument for error here. If, as I said, I read your brief, is essentially arguing the district court was required by our prior court's decision to explicitly rule on extraordinary circumstances. That's what I see in your briefs. I don't see in your briefs an argument that says the court wrongly found that she didn't act diligently based on X, Y, and Z. I don't – that's not in your brief. Well, I apologize if that didn't get in there. But my – the gist of my argument is this court said you have to – the district court should consider whether the exceptional circumstances are enough to nullify the delay for the reasonable diligence. The lower court – I sort of – my hands were a little tied. Again, it was confusing to me because the lower court totally punted on that, and did not even make that consideration. There was some token thing about, well, even if true – even if all the allegations are true, she still had these opportunities. But that's not an analysis that this court was looking for in terms of whether the exceptional circumstances were enough to nullify the delay. And that's essentially my argument. Certainly – I certainly argue that the court – again, it was hard for me to figure out – it's a legal issue with the court not following the directives on remand. Is it clearly – I'd say it's clearly erroneous that she found – I mean, it's hard because she didn't make factual findings on what she's supposed to make factual findings on. She just punted on that issue. That's what made it difficult for me to argue or express my argument more clearly, Your Honor. But I certainly believe under any standard this decision should be reversed. Again, going back, if you look at the record, the record is replete with explanation – with evidence that this woman was raped, sexually abused, threatened repeatedly. And again, not refuted. And even supported, if the court were to draw an inference, which most courts would, that the agent, the defendant, in testifying took the Fifth Amendment on every important question related to the allegations of rape and threatening. If the court drew that adverse inference, there – it's actually further supported, the evidence. So it's essentially unrefuted facts that this woman went through all this. And the conclusion by the court, whether it's a legal conclusion, factual conclusion, that that's not enough to satisfy the reasonable diligence problem, I think is erroneous and an abuse of discretion. All right. All right, thank you. Thank you. That's some rebuttals. Good morning. May it please the Court, I'm Lowell Sturgill from the Department of Justice representing the United States. District Court followed this Court's instructions in the Doe case, held a factual hearing, weighed the evidence, and made a factual finding that Doe did not act with reasonable diligence. That finding is sufficient by itself to support the conclusion that she did not – equitable tolling. Would it be sufficient if the – and I have the earlier Court's decision in front of me. I'm looking to see the language where the reference to extraordinary circumstances is included. If, in fact, her original decision said for the district court to rule on whether or not there were extraordinary circumstances, would what happened here satisfy that? Is it enough to rule on just reasonable diligence? If, in fact, our decisions can be read to say address extraordinary circumstances? So, first of all, I don't think that's the proper way of reading the Court's decision. And I think the key language is from page 73 of the Court's opinion. If I could read just the sentence, I think it would be helpful. The Court said, the extraordinary nature of the abuse Doe suffered does not absolve her of the independent requirement to show that she has been pursuing her rights diligently. So the Court could not have been any clearer that she has to show a reasonable diligence even if she also could show extraordinary circumstances. And I think that also provides a second answer to your question. Your episode was asserting here, and I'm not sure where in the district, in the opinion, our opinion, it's addressed. I could go back and look at it again. But that somehow the extraordinary circumstance was such that you're excused from not exercising diligence the way the government is saying you should. With regard to the various meetings that occurred, at the same time that you were being under the control, if you will, of whatever the person saying was, Rodriguez. So, respectfully, Your Honor, I don't think this Court's opinion actually said that. And, in fact, the quote that I just gave you from page 73 expressly refutes the notion that the Court was saying that the district court on remand had to make a finding on extraordinary circumstances even where it found as a fact that plaintiff could not show reasonable diligence. And the Supreme Court in Menominee Tribe made it clear that these two requirements are independent. And the Supreme Court has held in the Pace case that affirmed a judgment that said there was no equitable tolling where the only finding the district court had made was there was no reasonable diligence. So it's pretty clear that these are two independent elements. And, again, I think you're right that the plaintiff is not challenging the district court's weighing of the evidence. The only arguments I see in the briefs are, first of all, this argument that the district court ignored this Court's instructions by not going on to make a finding on extraordinary circumstances where it didn't need to because the case the plaintiff's not entitled to equitable tolling because she didn't show reasonable diligence. The second argument they make is that the district court ignored her arguments for why she supposedly exercised reasonable diligence. And if you the Court's opinion itself refutes that, the Court expressly addressed her alleged fear of Rodriguez and rejected that. And it also addressed her claim that her mental anguish prevented her from filing and said that that didn't work either. So those are the two arguments they make. And even beyond that, though, even if they had argued that the district court erred in weighing the evidence, that would be subject only to clear error review. And that kind of an argument would fail because, again, the district court provided it weighed the evidence. It took live testimony, including her testimony. And it said really three things. It said she had multiple opportunities to report the assaults to people who could have protected her. She disclosed the assaults to DHS agents when she thought that would be in her self-interest. That was in 2018. And she felt free to threaten Rodriguez herself. And he did nothing in response to that. And the other point I think it's important to note, the Court also noted that she still didn't report his activity until 2018. After 2014, after 2014, she had no more contact with Rodriguez at all. He had advised her he would be retiring from ICE. She conceded that the sexual assaults ceased. Actually, she said the assaults ceased in 2013. But, again, no more contact with Rodriguez after 2014. He had told her that he would be retiring and leaving ICE. And she still didn't do anything to protect her rights. So, again, this is more than sufficient to show that the district court considered the evidence, considered her testimony, weighed the evidence, and did not commit any clear error. The other point I think it's worth mentioning is that she could have told Officer Ventrano from ICE about these assaults. And record shows she testified herself that she trusted Officer Ventrano. Officer Ventrano actually helped her get an immigration lawyer in 2010. And then in 2012, Officer Ventrano became concerned that she'd been such a good informant that she was herself at risk now from the people she had informed on. So Officer Ventrano said, you shouldn't be an informant for us anymore. So, again, the district court heard the testimony and reasonably weighed the evidence and did not commit clear error by finding that she didn't reasonably protect her rights. I'm about out of time. I'd be happy to answer any questions or try to if the court might have. Thank you. Just to get the facts straight, she had no contact with Rodriguez after 2014? That's what the district court held at page A138 of the record. And Doe does not contest that finding anywhere in her briefs. So she doesn't disclose until 2018. Is that right? That's correct. That's when she told the DHS agents in an effort to ensure that her father wouldn't be deported. Again, she reported it when it was in her self-interest and was willing to do that, which shows that she could have done so before. Thank you.  Good morning. May it please the Court. Trenton Lima from Brown, Penderas & Scott in Hartford on behalf of Appellee Mr. Rodriguez. Your Honors, I want to highlight I concur with the government's argument. I think our positions are aligned on this appeal. What I would say is in terms of the standard of review, the appellant asked for de novo review because that obviously would be the most favorable. But I think it's quite clear that the district court complied with this court's remand. There's no need for the court to unnecessarily waste time by going into a second prong of a two-part test when the first prong has clearly not been met. And I don't think it's a reasonable ask to have district courts do that and say that they are violating this court's remand by not doing that. I think the appellant is asking for what is a major overhaul of the jurisprudence here by essentially trying to read out one of the two-part tests, which all of the law says is distinct elements. But they are trying to get by with only satisfying one element and saying they satisfied one element so strongly the second element is not necessary. I, to go to Judge Walker's question, I think the way to read that remand is the court down below should consider what the extraordinary circumstances were when considering what is reasonable diligence. Hypothetically, if I injured someone in some way and they go into a coma for a full three years and they don't accomplish anything diligently, then that court would weigh that and say, well, they acted diligently under the circumstances. But for her circumstances, for Doe, she has numerous potential sounding boards that she not only — that she admits are confidential and the district court found she understood they were confidential sounding boards. Doctors, lawyers, a workers' compensation lawyer that she worked with, she was not — the extraordinary circumstances for her were not so debilitating that she was unable to fulfill any of her rights. She was able to work with a workers' compensation lawyer on a case to the tune of $200,000. She worked with an immigration attorney. She worked with doctors. Never a hint that she is looking to proceed with a case. Now, if we — and they say, the appellant says in the brief, that we do not need maximum diligence, we agree with that. It needs to be reasonable. But in this case, we don't even have de minimis diligence. We have, over numerous briefings from two different cases at this Court and down below, the appellant has never cited a single act that she took from 2014 until she discloses a DHS to get her father out of deportation in 2018, a single act that she says shows reasonable diligence. She did not preserve evidence. She did not research her case. She did not meet with an attorney. She did not call an attorney confidentially. She did not disclose to the one agent she trusted. She did absolute zero. And the appellant here wants that to fulfill the reasonable diligence problem. She was not in so incapacity that she was unable to do those minimal acts. The district court's most important finding is on A142. And not only that, the Court says, the Court is mindful of this Court's remand, that it should consider the impact of the extraordinary circumstances that might also then go to the diligence problem. But on this record, such a claim is not credible, even if the abuse occurred as alleged. And then the most important finding, I think, by the district court, plaintiff had ample time, opportunity, and access to many other people who could have safely assisted her prior to the two and three years. That's a key factual finding that this Court should not disturb by the district court, that she could have, even if she had this fear of Mr. Rodriguez retaliating, even if that was a legitimate fear, she could have gone to multiple different people without a reasonable fear that he would know about it. She said she knew she could tell her attorneys, and they wouldn't be able to tell anybody, including Mr. Rodriguez, about her questions or her disclosure without her permission. And that is in the record down below. She didn't do those even minimal acts. If she had done something such as told an immigration attorney or a PI lawyer, I have this issue, you know, can I bring this confidentially? Can I bring this in some safe way? If she had said she did that, we would be arguing whether it's reasonable. But we have nothing. And the basis for the original decision was not this Court instructing a district court down below to find reasonable diligence because of the extraordinary circumstances. The basis was there had been factual findings of that evidentiary hearing with Judge Miriam. That has been remedied. The hearing was held. The factual findings this court, the district court found now were almost all not refuted as to what the timeline was. She had no contact with Mr. Rodriguez after 2014 when she fell off structure at work. She says that was, now says that was my client's fault. But she had no contact with him after 2014, and that doesn't disclose until 2018. In order for the claim against Mr. Rodriguez to survive under equitable tolling, it needs to be told, she brought the claim until, it needs to be told until, excuse me, October 21, 2016. I don't believe there's a record. Hypothetically, the extraordinary circumstances could have been proven, reasonable diligence could have been shown, and we could still argue equitable tolling is inappropriate. Obviously, just because those two elements are satisfied, a judge can still decide in their discretion to not grant equitable tolling. But here, the judge's findings on the lack of reasonable diligence were entirely reasonable. There is no fact that supports reasonable diligence or minimal diligence or any diligence whatsoever. So I do think this Court should not disturb the lower court's ruling. I have talked very fast. I apologize. Are there any questions from the Court? No. I think we have your answer. Thank you very much. Thank you. Thank you again, Your Honors. The district court ignores the fact that rape victims, the reliance on the timeline of who she had access to, ignores that rape victims can always go to the police safely at any time. That doesn't affect the delay. That doesn't alleviate the reasons for the delay. The district court is legally correct. There are separate, distinct things, reasonable diligence and extraordinary circumstances. But this Court pointed out the whole crux of this decision was, in some cases, the extraordinary circumstances can be such that they justify the delay. And this Court, the lower court didn't consider that. That's the crux. The Court on page 72, your previous decision, said the same thing. So the district court in saying, yes, the extensive abuse that she suffered doesn't absolve her of the due diligence requirement, that's true. But certainly it can be relevant. Again, that's the whole gist. And she didn't really consider that at all. And to find that she wasn't reasonably diligent just simply because she had access to lawyers and other people is clearly erroneous on this record. I mean, again, and this Court recognized this in the prior decision. In this situation, a person who's undergone the kind of assault and threat that the plaintiff went through absolutely could cause her to delay reporting. And she only reported when it was her father's life, fear for her father's life over her life. That's the only time she could muster up the strength to reveal this, because she realized her father was going to be deported to Honduras, where dozens of people were deported as a direct result of the plaintiff appellate. And she had already had her brother had already been shot at because of her actions. She had real fear for her father, and that's the only thing that triggered her finally in 2018 to reveal this. I think the district court's finding was clearly erroneous. I think it was that she was not due diligent, and I think it was an abuse of discretion, not the grant equitable tolling. Thank you, Your Honor. All right. Thank you. Thank you both. We will take this case under advisement as well.